### German Ins. Co. et al. v. Frederic R. Bartlett et al.

1.    DEBTOR AND CREDITOR—*Preference to Wife.*—Where a wife is in fact her husband's creditor, he can prefer her and pay her before he pays other creditors.

Creditors' Bills.—Appeal from the Circuit Court of Stephenson County; the Hon. JAMES S. BAUME, Judge, presiding.    Heard in this court at the April term, 1900.    Affirmed.    Opinion filed June 8, 1900.

J. H. STEARNS, attorney for appellants.

M. STOSKOPF and WM. LATHROP, attorneys for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On January 16, 1896, Frederic Bartlett and his wife, Isabella J., conveyed the homestead of the former to their son, Frederic R. Bartlett, and the latter on the same day re-conveyed the premises to said Isabella J. Bartlett.    These

deeds were not placed on record until February 10, 1896, at which time there was also placed on record a bill of sale of that date, of the household furniture, executed by Frederic Bartlett to his wife. On March 19, 1896, the German Insurance Company recovered a judgment for $5,773.88 against Frederic Bartlett in the Circuit Court and on March 24, 1896, the Farmers' and Merchants' Bank recovered a judgment for $4,020.24 against Frederic and Frederic R. Bartlett in the same court. Executions were issued upon these judgments and returned "no property found." On August 3, 1896, said German Insurance Company and Farmers' and Merchants' Bank filed a bill in the Circuit Court of Stephenson County against Frederic and Isabella J. Bartlett and others, to set aside said conveyances as in fraud of creditors. Frederic and Isabella J. Bartlett answered, setting up the rights of Isabella J. Bartlett in and to said property, together with the means by which she acquired ownership of the same, and denied the charges of fraud. Afterward, on October 15, 1897, Frederic Bartlett died intestate, leaving surviving him his widow, Isabella J. Bartlett, and also Frederic R. and Isabella H. Bartlett, his children and only heirs at law. Afterward, on March 6, 1898, Isabella J. Bartlett died testate, willing all her property to her daughter, Isabella H. Bartlett, who was also made her executrix.

On March 21, 1898, Frederic R. and Isabella H. Bartlett were made defendants to the suit and subsequently the latter was also made a defendant as executrix of the will of Isabella J. Bartlett, deceased. These defendants answered, and at the hearing there was a decree entered sustaining the conveyance of the homestead premises to Isabella J. Bartlett, setting aside the bill of sale of the personal property, dismissing the bill of complaint as to Frederic R. Bartlett, and directing that complainants pay one-half of the costs and Isabella H. Bartlett the other half.

Complainants appeal, urging that the court erred in admitting the declarations, oral and written, of Frederic Bartlett and Isabella J. Bartlett; in finding that the conveyance of the real estate was *bona fide* and for value; in

dismissing the bill as against Frederic R. Bartlett and in charging any part of the costs against complainants. Isabella H. Bartlett assigns cross-errors, charging that the court erred in setting aside the conveyance of the personal property.

It appeared from the evidence that on August 5, 1893, Frederic and Isabella J. Bartlett and George C. Fry had a conversation in the presence of Frederic R. Bartlett, concerning the financial relations of Frederic and Isabella J., in which Frederic made certain statements tending to show that the money which bought and paid for the homestead above referred to, belonged in fact to Isabella J., and was derived directly or indirectly from her parents and from a certain endowment policy of insurance on Frederic's life in which Isabella J. was the beneficiary. These statements tended to show that by the arrangement between Frederic and Isabella J., by which he invested said funds, he was to take the title in the name of his wife. At the same time Isabella J. stated to Fry that she had sent for him because she was worried, having learned for the first time that day that the title to the property where they lived was not in her name, but in the name of her husband. The amount of her money so used was determined by her and her husband to be $12,500; and Frederic on that day executed to his wife a note for that amount, also a written declaration of trust, setting forth that he held the homestead in trust for her, and a bill of sale to her for the personal property which he declared to be hers, she having acquired the same partly from her mother and partly by purchase. Appellants say these oral statements were not competent. We conclude, however, that they were at the time against Frederic's interest, as they tended to show that property standing in his name was not in fact his own, and that therefore they were competent. The statements made in his hearing by his wife, to which he assented, were also competent to show what facts he admitted to be true. While there are some discrepancies in the evidence, the differences do not affect the substantial truth of the statements made by Frederic

Bartlett and his wife. This transaction between Frederic and his wife took place more than five months before the German Insurance Company became his creditor and more than two years before he borrowed the money of the Farmers' and Merchants' Bank. At that time Frederic had an accounting with his wife of the sum he owed her, and executed to her his promissory note for the amount due her, showing a then existing definite intention on the part of both parties that the debt should be paid, and there could have been no intention then on their part to defraud complainants.

Whether any persons who prior to that date were creditors of Frederic could have assailed that transaction, is a question not in issue here. It is well settled that if Isabella J. Bartlett was in fact her husband's creditor, he could prefer her and pay her before he paid other creditors. Tomlinson v. Matthews, 98 Ill. 178.

Appellants claim that Isabella J. Bartlett was estopped from asserting title to said homestead as against their executions because she did not at once put the declaration of trust on record when she obtained it in 1893; that by withholding it from record she gave her husband undue credit in the business world. There is no proof that she in any way misled complainants or that the declaration of trust was withheld from record by virtue of any agreement made by her with her husband so to do. If the failure on her part to record the instrument, misled other creditors of her husband and gave him undue credit, the same charge could justly be made against appellants. They loaned him over $9,000 and took judgment notes therefor, which they held away from public knowledge for a long period of time, while the $9,000 enabled him to show an appearance of prosperity which was not in fact real; yet this would not stamp appellants' conduct as at all fraudulent.

It is determined by the proofs that Isabella J. Bartlett was in fact a *bona fide* creditor of her husband, holding his promissory note given before the notes to appellants were executed, and that the intention of both parties was that the debt should be treated as a subsisting debt and should

German Ins. Co. v. Bartlett.

be paid. Under such circumstances Frederic Bartlett had as lawful a right to pay that debt by the conveyance of real estate, before any other creditor obtained a lien upon it, as he would have had to convey real estate to appellants for a like purpose.

We are therefore of opinion that the court below was fully warranted by the proofs in finding that the conveyance of real estate from Frederic to Isabella J. Bartlett was made in good faith and for a valuable consideration and that the title to the same was vested in the latter in her lifetime. As Isabella H. Bartlett became vested with the fee by virtue of the will of her mother, and Frederic R. Bartlett does not appear to have acquired any interest in the premises, the bill was properly dismissed as to him.

Complainants, having been defeated in the greater portion in amount of the claims made by their bill, have no reason to complain that they were required to pay one-half the costs, as decreed by the court.

By her cross-errors appellee, Isabella H. Bartlett, insists that the court erred in setting aside the bill of sale of the personal property and establishing the lien of complainants upon the same through their executions. She claims that her position is sustained by the fact that Frederic Bartlett at the time of the interview in 1893, expressly declared that the household furniture belonged to his wife. But on February 10, 1896, he gave and she accepted a bill of sale of specific articles of household furniture, the title to which he, by that instrument, warranted to her.

The court below was justified in finding that the bill of sale was without consideration and in setting the same aside. If Isabella H. Bartlett, as her mother's legatee, claimed that any articles included in the bill of sale never belonged to her father, she should have shown by proof what such articles were. No such proof, however, was made. We find no error in the decree of the court below and the same is accordingly affirmed.